## DAVIS v. SCHICK DRY SHAVER, Inc., et al.

### No. 9177.

Circuit Court of Appeals, Ninth Circuit.

June 10, 1940.

Rehearing Denied Aug. 19, 1940.

HEALY, Circuit Judge, dissenting.

———◆———

Lyon & Lyon, Frederick S. Lyon, Henry S. Richmond, and Harry Daugherty, all of Los Angeles, Cal., for appellant.

William Gibbs McAdoo, of San Francisco, Cal., and Abraham Tulin and Reginald Hicks, both of New York City, for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This is an appeal under § 129 of the Judicial Code, as amended, 28 U.S.C.A. § 227a, from a decree rendered in a suit in equity for the infringement of letters patent, the decree being final except for the ordering of an accounting.

The suit was brought by appellees, Schick Dry Shaver, Incorporated, Schick Industries, Limited, and Edises, Incorporated, against Nicholl, Incorporated (hereafter called Nicholl). While the suit was pending in the District Court, Nicholl was adjudged a bankrupt, and appellant Robert J. Davis, Nicholl's trustee in bankruptcy, was substituted as defendant. The patents involved are Nos. 1,721,530 and 1,757,978, issued to Jacob Schick on July 23, 1929, and May 13, 1930, respectively. The patents were assigned to and are now owned by Schick Industries, Limited, of which Schick Dry Shaver, Incorporated, is, in the United States, the sole licensee. Edises, Incorporated, is a sublicensee of Schick Dry Shaver, Incorporated. Nicholl was alleged to have infringed these patents by manufacturing, using and selling devices called Nicholl Velvet Shavers. Defenses were that the patents were invalid, and that, if valid, they were not infringed.

Nicholl was enjoined, pendente lite, from manufacturing, selling, advertising or offering for sale any shaving device em-

bodying the claimed invention described in patent No. 1,721,530. Schick Dry Shaver v. Nicholl, D.C., 21 F.Supp. 731. The order granting that injunction was affirmed. Nicholl v. Schick Dry Shaver, 9 Cir., 98 F.2d 511.

Upon final hearing, the District Court decreed that claims 1, 4, 13, 14, 15, 16, 17, 19 and 21 of patent No. 1,721,530 and claims 1 and 5 of patent No. 1,757,978 were valid and infringed. The decree enjoined further infringement and ordered an accounting. Appellant seeks reversal.

### Patent No. 1,721,530.

Claims 1, 4, 13, 14, 15, 16, 17 and 21 of patent No. 1,721,530 were found to have been infringed by three devices (Exhibits 6, 16 and 17)[1] manufactured, used and sold by Nicholl. Claim 19 was found to have been infringed by Exhibit 6. Claims 1, 4, 13, 14, 15, 16 and 17 are set out in Motoshaver v. Schick Dry Shaver, 9 Cir., 112 F.2d 701, this day decided. Claims 19 and 21 read as follows:

"19. A shaving implement comprising, in combination, a rectangular shear-plate having alternate blades and slots across its narrow dimension and walls bordering its longest dimension, said shear-plate constituting a relatively narrow skin contacting area, said slots being open-ended and extending from side to side of said shear-plate, cutter means disposed rearward of said shear-plate and intermediate said walls, said cutter means having teeth contacting said blades, and means for translating said teeth over the rear surface of said blades whereby hair engaged by said teeth and blades is severed."

"21. In a shaving implement, a series of closely spaced blades separated by parallel edged slots of sufficient width to receive at least one hair, said blades being of such thickness as to maintain the surface of the skin being shaved from entering said slots above the rear face of the blades while permitting the surface of the skin to extend substantially to the rear surfaces of the blades when the outer surfaces of the blades are applied to the surface of the skin during a shaving operation."

Claims 1, 4, 13, 14, 15, 16, 17 and 19 are for shaving implements. Claim 21 is for part of a shaving implement. Each implement or part thereof comprises, inter alia, a "shearing plate," a "shear plate," a "shear-plate" or a series of "blades." As shown in Motoshaver v. Schick Dry Shaver, supra, what the patent calls a shearing plate, shear plate or shear-plate is a plate which is so thin that it would collapse or flex under ordinary shaving pressure, and what it calls a series of blades is merely a slotted shearing plate, shear plate or shear-plate. Each of Nicholl's devices has two plates, but none of them has a plate which is so thin that it would collapse or flex under ordinary shaving pressure. Hence, none of them has a shearing plate, shear plate, shear-plate or series of blades, within the meaning of the patent. Hence, none of them infringes any of the nine claims thereof here involved.

### Patent No. 1,757,978.

Claims 1 and 5 of patent No. 1,757,978 were found to have been infringed by each of Nicholl's devices (Exhibits 6, 16 and 17). For reasons stated in Motoshaver v. Schick Dry Shaver, supra, claim 1 is invalid. Claim 5 reads as follows:

"5. A shaving machine comprising a shaving head channel-shaped in cross section and slotted and sharpened on its closed side to form shearing edges, and a cutter channel shaped in cross-section and slotted on its closed side and slidable in the head whereby the slotted ends cooperate to cut hair entering the slots of the shaving head."

This machine has two members—an outer member called a shaving head and an inner member called a cutter. Each member is channel-shaped in cross-section. That is to say, each has two vertical side walls and a flat bottom. This clearly appears from the specification.[2] Each of Nicholl's devices has a shaving head and a cutter, but in each of Nicholl's devices the bottom of the shaving head and the bottom of the cutter are V-shaped, not flat. Hence, none of Nicholl's devices has a shaving head or a cutter which is channel-shaped in cross-section. Hence, none of them infringes this claim.

Decree reversed.

---

[1] Each of these devices is called a Nicholl Velvet Shaver.

[2] The specification calls the bottom of the shaving head a shear-plate. Claim 5 calls the bottom of each member its closed side, also its end.

DENMAN, Circuit Judge (concurring).

I concur, and repeat the comment in my concurring opinion in Motoshaver, Incorporated v. Schick Dry Shaver, Incorporated, et al., 9 Cir., 112 F.2d 701, this day decided.

HEALY, Circuit Judge (dissenting).

For reasons given in my dissent in Motoshaver, Inc. v. Schick Dry Shaver, Inc., et al., 9 Cir., 112 F.2d 701, this day decided, I think the decree below should be affirmed.